IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WELLINGTON YEE YUN PANG AND ANDREA JANET PANG,<br><br>Plaintiffs,<br><br>vs.<br><br>KWANG SOK YI, OWNER OF MAHALO REALTY INC., 725 KAPIOLANI BLVD. #C 118 HONOLULU, HAWAII 96813, Ph: (808) 593-2728<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 11-00785 JMS/BMK<br><br>ORDER (1) DISMISSING PLAINTIFFS' COMPLAINT; AND (2) DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |

## ORDER (1) DISMISSING PLAINTIFFS' COMPLAINT; AND (2) DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

## I. INTRODUCTION

On December 27, 2011, Plaintiffs Wellington Yee Yun Pang and

Andrea Janet Pang ("Plaintiffs") filed a Complaint against Defendant "Kwang Sok

Yi, Owner of Mahalo Realty Inc., 725 Kapiolani Blvd. #C 118, Honolulu, Hawaii

96813, Ph: (808) 593-2728" ("Defendant"), asserting that Defendant stole

Plaintiffs' assets and/or identities through forgery and fraud, and attempted to kill

Plaintiffs.  On January 4, 2012, Plaintiffs filed a "Motion for an [ex] Parte

Temporary Restraining Order and for Expedited Injunction Against Harassment

and Recovery Assets" ("Motion for TRO") seeking to prevent Defendant from

contacting, threatening, or physically harming Plaintiffs.

Pursuant to Local Rule 7.2(d), the court determines these issues

without a hearing.  Based on the following, the court DISMISSES the Complaint

with leave to amend, and DENIES the Motion for TRO as moot.

## II. ANALYSIS

**A.    The Complaint Is Dismissed with Leave to Amend**

### *1.    Standards*

Because Plaintiffs are proceeding pro se, the court liberally construes

their pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam)).

The court may address a lack of subject matter jurisdiction *sua sponte*.

*Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *Belleville Catering Co. v.*

*Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring

whether the court has jurisdiction is a federal judge's first duty in every case.");

Fed. R. Civ. P. 12(h)(3).  Plaintiffs bear the burden of establishing subject matter

jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). At the pleading stage, Plaintiffs must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Further, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion for failure to state a claim. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Id.* at 1950.

The court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8.  Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'"

4

does not satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124,

1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431

(9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

("Something labeled a complaint but written . . . prolix in evidentiary detail, yet

without simplicity, conciseness and clarity as to whom plaintiffs are suing for what

wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to

comply with Rule 8 where the complaint fails to provide defendants with fair

notice of the wrongs they have allegedly committed.  *See McHenry*, 84 F.3d at

1178-80 (affirming dismissal of complaint where "one cannot determine from the

complaint who is being sued, for what relief, and on what theory, with enough

detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where

"the complaint provide[d] fair notice of the wrongs allegedly committed by

defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule

8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a]

pleading that offers labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (citations and

quotations omitted).  "The propriety of dismissal for failure to comply with Rule 8

does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

### 2.   *Application*

Applying these principles, the court dismisses the Complaint for lack of subject matter jurisdiction.  In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways.  First, Plaintiffs may assert that Defendant violated the Constitution, a federal law, or treaty of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Alternatively, Plaintiffs may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, Plaintiffs must include in the Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).

Although not clear whatsoever, the Complaint appears to allege that Defendant stole various assets from Plaintiffs and committed various misdeeds.  Yet even when liberally construed, the Complaint does not assert that Defendant

violated the Constitution, a federal law, or treaty of the United States.  Nor does the

Complaint include any allegations establishing diversity jurisdiction -- from the

face of the Complaint, it appears that Plaintiffs and Defendants are all citizens of

Hawaii.  Indeed, from the court's review, it appears that the allegations and relief

sought in the Complaint could only be provided in Hawaii state court.  Thus, the

Complaint provides no basis for this court's jurisdiction over the Complaint.

The court also dismisses the Complaint for failure to state a claim

pursuant to Rules 12(b)(6) and 8.  Liberally construed, the court cannot discern the

basis of Plaintiffs' claims against Defendant.  Rather, the Complaint includes a

number of audacious conclusory statements without any factual allegations

explaining their basis.  For example, the Complaint accuses Defendant of

"[s]tealing Plaintiffs Beneficiary's names, Marriage Record, Trust Fund, Real

Properties, Stocks & Bonds;" "[giving] Bribery Money to Hawaii State Judge

Rhonda A. Nishimura" to dismiss a civil action that Plaintiffs brought; cut[ting] off

[Plaintiffs'] Public Utilities House Gas and Electricity & Public Access;" and

[trying] to Kill Beneficiary's Family."  *See* Compl. 1-3.  The Complaint fails to

provide any facts whatsoever explaining the basis of these conclusions and

precisely what happened between Plaintiffs and Defendant.  Without any basic

factual allegations, the Complaint fails to give fair notice to Defendant of the basis

of Plaintiffs' claims, and fails to state a claim that is plausible on its face.[1]

In sum, the court DISMISSES the Complaint for lack of subject matter jurisdiction and failure to comply with Rules 12(b)(6) and 8.  Although Plaintiffs could certainly amend the Complaint to provide more details regarding the basis of their claims, at this time the court does not see a way that Plaintiffs could amend the allegations in such a way that would provide the court jurisdiction over this action.  Rather, Plaintiffs appear to assert state law claims against a fellow Hawaii citizen and such claims must be raised in Hawaii state court.

In the event that the court misunderstands the basis of Plaintiffs' claims, however, the court grants Plaintiffs leave to file an amended complaint should they believe that they can assert a basis for this court's jurisdiction and can also correct all the deficiencies outlined above.  In particular, Plaintiffs should consider whether they can state a basis for this court's jurisdiction or whether this action should instead be filed in Hawaii state court.  If Plaintiffs choose to file an amended complaint with this court, it:

---

[1]  The Complaint also includes a number of allegations that do not appear tied in any way to Plaintiffs. *See* Compl. at 2 ¶¶ 7-8 (asserting that Defendant "Control[s] and Conspire[s] with <u>LAURA MURPHY</u> President of (ACLU) American Civil Labors Union to Collect Money from the People to go against the <u>U.S.</u> Gov't. Control like Dictator," and that Defendant "<u>IS A DANGEROUS PERSON</u> [and] should not be free in this World.").  For purposes of determining Plaintiffs' claims, the court focuses on those allegations that are directed to harms allegedly caused to Plaintiffs.

(1)     must clearly state the relief sought and how there is basis for a

claim in federal court.  In other words, Plaintiffs must explain

the basis of this court's jurisdiction;

(2)     must clearly state how Defendant has injured Plaintiffs, or how

the court can provide relief against Defendant.  In other words,

Plaintiffs should explain, in clear and concise allegations, what

Defendant did (or failed to do) and how those specific facts

create a plausible claim for relief in reference to a specific

statute or common-law cause of action; and

(3)     must (if a claim alleges fraud) state with "particularity the

circumstances constituting fraud" as required by Federal Rule

of Civil Procedure 9(b) (*e.g.*, what was fraudulent, when it

occurred, and how it was fraudulent).

Plaintiffs are also notified that any amended complaint supercedes the

prior complaint and must be complete in itself without reference to prior or

superceded pleadings.  *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

(citation omitted).  That is, an amended complaint, if any, must stand alone,

without reference to prior pleadings or documents in the record.  Plaintiffs need

not, however, pay any additional filing fee if they file an amended complaint.

9

**B.      Motion for TRO**

Because the court dismisses the Complaint with leave to amend, the court DISMISSES the Motion for TRO as moot.  But even if the Motion for TRO was not mooted by the dismissal of the Complaint, the Motion for TRO is deficient for several reasons.  The court takes this opportunity to explain these deficiencies should Plaintiffs file an Amended Complaint and seek another Motion for TRO.

First, a court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiffs have not complied with either of these requirements.  As to the first requirement, although Plaintiffs signed their Motion for TRO under penalty of perjury, the Motion for TRO does not contain specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendant can be heard in opposition.  Instead, the Motion for TRO, like the Complaint, includes only conclusory statements that Defendant has threatened and defrauded

10

Plaintiffs.  As to the second requirement, Plaintiffs have not certified in writing any efforts made to put Defendant on notice of the Motion, nor have they offered any reason as to why notice should not be required.

Second, the Motion for TRO fails to establish why Plaintiffs are entitled to relief.  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *see also Burgess v. Forbes*, 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009); *Magnuson v. Akhter*, 2009 WL 185577, at *1 (D. Ariz. Jan. 27, 2009).  In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  So long as all four parts of the *Winter* test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).

11

The Motion for TRO does not explain why Plaintiffs are likely to succeed on the merits, why they will likely suffer irreparable harm in the absence of preliminary relief, why the balance of equities tips in their favor, and why an injunction is in the public interest.  Instead, the Motion for TRO invokes Hawaii Revised Statutes § 604-10.5 granting Hawaii state district courts the power to enjoin and temporarily restrain harassment, and seeks a ninety-day TRO enjoining Defendant from "contacting, threatening or physically harming Plaintiff(s) [or] entering or visiting the Plaintiff(s) residence including yard, garage and place of employment."   But § 604-10.5 has no application in federal court -- the court may only grant injunctive relief pursuant to Federal Rule of Civil Procedure 65, and a TRO may not last more than fourteen days.  *See* Fed. R. Civ. P. 65(b)(2).  If Plaintiffs desire the relief they seek in their Motion for TRO, then they should consider whether this action should be more appropriately brought in Hawaii state court.

The dismissal of Plaintiffs' Motion for TRO is nonetheless without prejudice -- should Plaintiffs choose to continue this action in this court, Plaintiffs may attempt to remedy the deficiencies outlined above and file a new motion for temporary restraining order and/or preliminary injunction.

12

## III. **CONCLUSION**

Based on the above, the court DISMISSES the Complaint and DENIES the Motion for TRO.  By February 12, 2012, Plaintiffs may file an amended complaint.  Failure to file an amended complaint by February 12, 2012 will result in dismissal of this action.  If they so choose, Plaintiffs may also file a renewed Motion for Temporary Restraining Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 5, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pang et al. v. Kwang Sok Yi*, Civ. No. 11-00785 JMS/BMK; Order (1) Dismissing Plaintiffs' Complaint; and (2) Denying Plaintiffs' Motion for Temporary Restraining Order as Moot